NORTHFIELD WOODS WATER & UTILITY Co., Plaintiff-Appellant, *v.* ILLINOIS COMMERCE COMMISSION *et al.,* Defendants-Appellees.

(No. 60321;

First District (3rd Division)—May 1, 1975.

Edward G. Finnegan, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Peter A. Fasseas, James R. Sullivan, and Helga E. Huber, Assistant Attorneys General, of counsel), for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County which affirmed an administrative order of the Illinois Commerce Commission granting a certificate of convenience and necessity to the Illinois Municipal Water Company to operate a water distribution utility in an area which had already been certificated to the Northfield Woods Water

& Utility Company. On appeal, Northfield Woods raises the issues of whether the Illinois Commerce Commission has the authority to certificate a second utility to territory already within a first utility's service area, and whether the Illinois Commerce Commission's order is contrary to the manifest weight of the evidence.

We reverse and remand.

The pertinent facts are as follows. In the early 1960's, the Illinois Commerce Commission granted certificates of public convenience and necessity to two competing water companies for a subdivision known as Glenbrook Estates (now known as La Fontaine), which is located at the southwest corner of Lake Avenue and Pfingsten Road, due west of Glenview Naval Air Station and across the street from Glenbrook South High School, in Cook County, Illinois. The western part of the subdivision was certificated to Northfield Woods Water & Utility Company, and the eastern part was certificated to Illinois Municipal Water Company. On October 22, 1970, Illinois Municipal applied to the Illinois Commerce Commission for a certificate of public convenience and necessity under the provisions of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111⅔, par. 56) to service that part of the subdivision which had already been certificated to Northfield Woods. The application stated that the developer proposing to develop the subdivision

> "has requested that only one water utility company provide service to the entire area in order that a proper water distribution system to serve the entire area may be installed. Petitioner has a water main adjacent to said property and, if authorized by this Commission, is ready, willing and able to extend its water distribution system to serve the entire area. Said Northfield Woods Water & Utility Co., Inc. has a water main adjacent to said area but, at the present time, its water supply facilities are inadequate and unreliable."

A copy of the application was mailed to Northfield Woods by Illinois Municipal. The Commission scheduled a hearing on the application for December 16, 1970, and mailed a form letter notice of the hearing to Northfield Woods about two weeks before the hearing.

On the day of the hearing, Northfield Woods filed a petition to intervene in which it alleged, *inter alia*, a failure to receive formal notice of the proceedings. At the hearing, Northfield Woods was ably represented by counsel. The hearing was continued until January 8, 1971, by the hearing examiner. Northfield Woods' petition to intervene was granted, and when the hearing resumed, Northfield Woods was allowed to present evidence in its own behalf. Subsequently, both water companies presented memoranda of law to the Commission, which entered

an order on February 9, 1972, over a year after the hearing. In its order, the Commission made the following factual determinations relevant to the issues on appeal:

"(6) Petitioner is presently providing water service to customers within its certificated area in said subdivision; no service is being presently provided by Northfield Woods;

(7) approximately 280 feet of water mains would be required to be constructed by Petitioner to connect the remaining part of the subdivision to its existing system, whereas it would require the construction of 453 feet of mains to connect to the existing system of Northfield Woods;

\* \* \*

(9) public convenience and interest require that only one public utility company provide water service to the subdivision and a Certificate of Public Convenience and Necessity should be granted to Petitioner, which is already providing such service \* \* \*;

(11) it is in the best interests of the public that one utility provide all water service within said subdivision; the Petitioner—already providing service to a substantial part thereof—should be allowed to serve the entire subdivision; \* \* \*."

The certificate of public convenience and necessity was granted to Illinois Municipal without further reference to Northfield Woods' certificate for the same area. Northfield Woods filed its petition for rehearing with the Commission, which granted the petition, but then failed to hold additional hearings or reconsider its order. Upon the expiration of 150 days, the application for rehearing was deemed to have been denied under section 67 of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111⅔, par. 71). Northfield Woods, having exhausted its administrative remedies, then appealed to the circuit court of Cook County which affirmed the Commission's order. This appeal follows.

Northfield Woods' first contention on appeal is that the Commission acted improperly because by certificating the second utility to the territory, it effectively rescinded Northfield Woods' certificate without having followed the proper procedures for such an action, citing *Union Electric Co. v. Illinois Commerce Com.* (1968), 39 Ill.2d 386, 235 N.E.2d 604. Illinois Municipal and the Commission insist that the Commission is authorized to grant multiple certificates for a territory to competing utilities, citing *Eagle Bus Lines, Inc. v. Illinois Commerce Com.* (1954), 3 Ill.2d 66, 119 N.E.2d 915, and that the proceedings were in accordance with the law.

■■ Section 55 of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111⅔,

par. 56) provides that "[n]o certificate of public convenience and necessity shall be construed as granting a monopoly or an exclusive privilege, immunity or franchise." In *Eagle Bus Lines, Inc. v. Illinois Commerce Com.*, our supreme court wrote that this section "discloses the legislature's intention that a mere existence of a certificate shall not preclude the granting of a second certificate * * *. The Commerce Commission has ample power to decide whether one or several companies engaged in furnishing public utility service shall operate in the same locality." (3 Ill.2d 66, 72.) Accordingly, we begin our analysis by noting that the Commission had the authority to grant a certificate to Illinois Municipal for the territory already certificated to Northfield Woods, if the Commission intended for both companies to provide service in the western part of the Glenbrook Estates subdivision. However, the record indicates that the Commission did not contemplate competing water companies in the same area. The Commission's order expressly states that the Commission intended "that only one public utility company provide water service to the subdivision * * *," and that public utility company should be Illinois Municipal.

Northfield Woods contends that by granting the second certificate under these circumstances, the first certificate was effectively rescinded. This argument has merit. The only reasonable conclusion to be drawn from the Commission's order is that Illinois Municipal was to serve the entire subdivision, and that Northfield Woods would not be permitted to sell its water in the subdivision, notwithstanding that the order does not expressly determine Northfield Woods' rights. We believe the Commission's order effectively affected Northfield Woods' certificate by making it valueless in the Glenbrook Estates subdivision.

Under section 67 of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111⅔, par. 71), the Commission "may at any time, upon notice to the public utility affected, and after opportunity to be heard as provided in the case of complaints, rescind, alter or amend any rule, regulation, order or decision made by it." The Commission was thereby authorized to affect Northfield Woods' certificate by either altering, amending, or rescinding it, provided that Northfield Woods was properly notified of the Commission's intended action and given an opportunity to be heard as in the case of complaints. These requirements were explained in *Union Electric Co. v. Illinois Commerce Com.* (1968), 39 Ill.2d 386, 394-95:

> "Section 67 provides that a utility must be given an opportunity to be heard as in the case of complaints, thereby relating back to sections 64 and 65. (Ill. Rev. Stat. 1965, ch. 111⅔, pars. 68, 69.) Section 64 requires a complaint in writing, 'setting forth

any act or things done or omitted to be done in violation' of the act or order or rule of the Commission. Section 65 requires the Commission to 'make and render findings concerning the subject-matter and facts inquired into and enter its order based thereon.' "

In *Union Electric*, the Commission purported to amend Union's certificate, but in effect rescinded the certificate by rendering it worthless, and then gave to a second utility the certificate to service the territory in question. The court noted that since Union's certificate was effectively rescinded, the propriety of the Commission's action depended upon whether the requirements of section 67 were fulfilled. However, Union was neither charged with any act or omission in violation of the Act, the Commission's order, rules, or regulations, nor did the Commission make any finding relating to any such violation. Of this practice by the Commission, the court wrote:

"In reality the Commission proceeded as if the original Union certificate never existed and, in effect, proceeded to hear the matter *de novo* as competing petitions from two utilities. This is the very procedure condemned in *Blackhawk Motor Transit Co. v. Commerce Com.*, 398 Ill. 542." ( 39 Ill.2d 386, 395.)

Without the necessary findings, the court believed "that the Commission was without authority to effectively rescind Union's certificate." 39 Ill.2d 386, 395.

■■ In the case at bar, the only notice sent to Northfield Woods by the Commission was a form letter informing the utility of the proposed hearing on Illinois Municipal's application for a certificate. There is no indication in the record that Northfield Woods was notified that its certificate would be either expressly or effectively affected by the Commission's action on Illinois Municipal's application. Nor is there any indication that Northfield Woods had a right to be heard at the Commission's hearing to present evidence in its own behalf until the Commission granted Northfield Woods' petition to intervene, which was well after the beginning of the hearing. The Commission's findings did not contain a finding that Northfield Woods had violated the Act or any Commission order, rule or regulation. In short, the record shows that Northfield Woods' certificate was effectively affected by the Commission without the Commission having taken any of the procedural steps required by the statute. Instead, the Commission proceeded as if neither company were certificated and heard the matter *de novo*. As mentioned above, this type of proceeding was condemned in *Union Electric* and *Blackhawk*. Accordingly, the practice is condemned once again, and we hold that the Commission was without authority under these facts to effectively

affect Northfield Woods' certificate by granting a second certificate to Illinois Municipal.

In light of our conclusion, we need not consider appellant's contention that the Commission's order was manifestly against the evidence contained in the record.

For the abovementioned reasons, the order of the circuit court of Cook County affirming the Illinois Commerce Commission's decision is reversed, and this cause is remanded to the trial court with directions to set aside the order of the Illinois Commerce Commission and for any further proceedings consistent with the views expressed in this opinion.

Order reversed and the cause remanded.

DEMPSEY and MEJDA, JJ., concur.